

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN AND DIANNE LANDON,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CIV. 17-4059<br><br><br>COMPLAINT |

COMES NOW, Plaintiffs Stephen and Dianne Landon, by and through their attorneys, and for their Complaint against the above-named Defendant American Family Mutual Insurance Company, state and allege as follows:

## NATURE OF THE ACTION

1. This action seeks compensatory and punitive damages against American Family for breach of contract, bad faith, and vexatious refusal to pay amounts due and owing under an insurance policy.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs Stephen and Dianne Landon (the "Landons") are, and at all relevant times have been, residents of Sioux Falls, Minnehaha County, South Dakota.

3. American Family Mutual Insurance Company ("American Family") is a company organized in a state other than South Dakota that maintains its principal place of business outside the State of South Dakota.

4. This Court has jurisdiction under 28 U.S.C. §1332, based on complete diversity of citizenship.

1

5. Damages at issue in this case exceed $75,000.00.

6. This action is properly placed in the District Court of South Dakota, Southern Division, pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

7. The Landons purchased a homeowner's insurance policy ("the Policy") from American Family that was in effect before and up through June 2014.

8. In June 2014, the Landons' home was damaged by a hailstorm, as were surrounding homes in the Landons' neighborhood.

9. The June 2014 hailstorm caused extensive damage to the Landons' shake shingle roof.

10. Hail damage is a covered loss under the insurance policy American Family sold to the Landons.

11. The Landons submitted a timely claim to American Family for the hail damage to the home.

12. An authorized agent of American Family inspected the Landons' home after the hail storm and determined that the roof, gutters, and downspouts had been damaged.

13. Based on this initial investigation, American Family determined that it would pay $2,810.75 as a reasonable amount to repair the damage to the Landons' home, including the damage to the shake shingle roof.

14. $2,180.75 was not a reasonable amount to fix the damage caused by the hailstorm.

15. American Family knew, or intentionally disregarded, the fact that $2,180.75 was woefully insufficient to repair the damage to the Landons' home.

16. American Family has a practice of artificially limiting its payments to insureds by, among other things, failing to undertake a reasonable investigation and identifying an intentionally or recklessly low estimate of benefits owed to its insured under its policies.

17. American Family lacked a reasonable basis to believe that $2,810.75 was sufficient to repair the hail damage to the Landons' home, including its shake shingle roof.

18. American Family knew or should have known that its initial investigation was biased in its own favor and either ignored or recklessly disregarded available evidence.

19. Had American Family undertaken a reasonable investigation or evaluated the evidence made available to it in an objective manner, it would have known that payment of $2,810.75 was not sufficient to repair the damage to the Landons' home, including the damage to its siding.

20. The Landons have repeatedly told American Family that the amount offered is insufficient and that American Family has breached its obligation under the policy.

21. American Family is on notice that homes immediately adjacent to the Landons and in the surrounding neighborhood also suffered extensive hail damage and the homeowners (including those with policies procured from American Family) have been compensated for the full replacement value of their roofs.

22. Despite such notice, and despite being apprised of fatal deficiencies in their initial investigation, American Family continues to refuse to pay the full amount owed under the policy, i.e., the amount that is needed to properly fix damage to the Landons' home caused by a covered event under the policy.

23. American Family has engaged in a pattern and practice of denying and delaying payment of the full amount of benefits owed under its policy.

24. American Family is required to investigate claims properly and in a reasonable fashion.

25. Part of the premiums that the Landons and other insureds pay is intended to cover the expenses that American Family incurs to investigate claims property.

26. A reasonable investigation requires that an insurer look for reasons to pay, not just for reasons why it may avoid paying on a claim.

27. In originally evaluating the Landons' claim arising from the May 2013 storm, American Form had a duty to give their interests just as much consideration as its own interests.

28. American Family intentionally and recklessly breaches this duty of due consideration.

29. American Family also has a duty to assist the Landons in identifying all facts relating to their claim, including facts that would support the full payment of all benefits necessary to fully fix and repair the damage to their home.

30. American Family cannot eliminate, ignore, or lessen its duties of good faith and fair dealing by delegating them to an agent.

31. American Family is responsible for the investigation and evaluation of the Landons' claim by its agents.

32. American Family's claims handling process, as described in the preceding paragraphs, is intentionally designed to deny paying the Landons the full amount owed under its insurance policy.

33. American Family's claims handling process is deliberately intended to delay and deny valid claims and otherwise to avoid paying what should be paid in order to address them properly and in accordance with American Family's duties under its policies.

34. American Family has a pattern and practice of conducting investigations of claims with a clear intent on finding reasons to deny or delay benefits that are duly owed and substantiated by evidence furnished by the insureds.

35. As a direct and proximate result of American Family's claims handling process, as described in this Complaint, the Landons have suffered compensable damages, including but not limited to the following:

   a. The Landons have been deprived of the benefits of the contract and the benefits of having his damaged home fixed based on the then-current cost of materials and labor;

   b. The siding of the Landons' home has sustained additional damage as a result of American Family's sham investigation and refusal to sign off on the necessary remedy; and

   c. The Landons have experienced increased expense, aggravation, fear, annoyance, distress, and inconvenience due to the wrongful delay and denial of the claim and time incurred trying to compel American Family to honor the duties it owes under the contract and under the law.

## COUNT I: BREACH OF CONTRACT

36. Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

37. The contract of insurance that the Landons procured from American Family was valid, enforceable, and timely paid for by the Landons.

38. American Family breached the obligation owed to the Landons under the contract of insurance by failing to pay the full amount of benefits owed under the policy in a timely fashion.

## COUNT II: BAD FAITH

39. Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

40. American Family intentionally and recklessly employs a claims handling process that deliberately aims at maximizing its profits and producing an unjustified windfall, all at the expense of its insureds.

41. American Family intentionally and recklessly employs a claims handling process that is intended to delay payment of benefits owed under the terms of its insurance policy.

42. American Family intentionally and recklessly employs a claims handling process that is intended to deny the full payment of benefits owed under the terms of its insurance policy.

43. American Family's conduct constitutes actionable bad faith and has caused the Landons damage in an amount to be proven at trial.

## COUNT III: PUNITIVE DAMAGES

44. Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

45. American Family's actions, including its claims-handling process, were undertaken with oppression, fraud, and malice.

46. An award of punitive damages, in an amount to be determined at trial, are necessary and appropriate under the circumstances to punish and deter such conduct.

## COUNT IV: VEXATIOUS REFUSAL TO PAY

47. Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

48. American Family unreasonably and vexatiously refused to pay amounts due and owing under the policy, and the Landons are entitled to recover reasonable attorneys' fees under SDCL § 58-12-3.

WHEREFORE, Plaintiffs respectfully prays for relief as follows:

1. Entry of money judgment in their favor, awarding compensatory and punitive damages to Plaintiffs, together with applicable prejudgment interest;

2. An award of Plaintiffs' reasonable attorneys' fees and costs permitted by law;

3. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues and facts so triable.

Dated at Sioux Falls, South Dakota, this 25th day of April, 2017.

CADWELL SANFORD DEIBERT & GARRY LLP

By /s/ Alex M. Hagen
Alex M. Hagen
PO Box 2498
Sioux Falls SD 57101-2498
Telephone: (605) 336-0828
Telecopier: (605) 336-6036
ahagen@cadlaw.com
Attorneys for Plaintiffs