UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN LANDON and DIANNE LANDON,<br><br>  Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>  Defendant. | 4:17-CV-04059-KES<br><br>ORDER DENYING MOTION TO DISMISS COUNTS II AND III |

On April 25, 2017, plaintiffs, Stephen and Dianne Landon, filed a complaint alleging breach of contract, bad faith, punitive damages, and vexatious refusal to pay against defendant, American Family Mutual Insurance Company. Docket 1. American Family moves to dismiss Count II (bad faith) and Count III (punitive damages) of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Docket 5. Plaintiffs oppose the motion. Docket 9. For the reasons that follow, the court denies American Family's motion to dismiss.

**BACKGROUND**

The facts alleged in the complaint, accepted as true, are as follows:

In June 2014, a hailstorm damaged plaintiffs' home and numerous other homes in their Sioux Falls, South Dakota, neighborhood. The hailstorm caused extensive damage to plaintiffs' shake shingle roof. At the time of the hailstorm,

plaintiffs had in effect a homeowner's insurance policy with American Family that listed hail damage as a covered loss. After the hailstorm, plaintiffs timely filed a claim to American Family for the damage caused to their home.

Sometime after the plaintiffs submitted their claim, an authorized agent of American Family inspected plaintiffs' home and determined that the roof, gutters, and downspouts were damaged by the hailstorm. Based on that inspection, American Family determined that $2,810.75 was a reasonable amount to repair the damage. American Family had notice that the homes adjacent to plaintiffs' home as well as other homes in the neighborhood also suffered extensive hail damage. These homes, some of which were insured by American Family, were compensated for the full replacement value of the damage caused to the homes by the hailstorm.

Plaintiffs repeatedly told American Family that $2,810.75 was insufficient to fix the damage caused to their home by the hailstorm. Despite plaintiffs' numerous requests that American Family cover the full replacement value of the damage caused to their home, American Family continued to rely on its initial investigation when assessing the value of the damage to plaintiffs' home.

## LEGAL STANDARD

A court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court determines plausibility by considering only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense, and viewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Inferences are construed in favor of the nonmoving party. *Id.* at 1129 (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)). A well-pleaded complaint should survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted); *accord Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

A heightened pleading standard applies when a complaint alleges fraud or mistake. *See* Fed. R. Civ. P. 9(b). Under Federal Rule of Civil Procedure 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Thus, to satisfy Rule 9(b), the

3

party alleging fraud "must typically identify the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

As described by the Eighth Circuit Court of Appeals, the particularity requirement of Rule 9(b) serves three important purposes:

> First, it deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements. Second, it protects against damage to professional reputations resulting from allegations of moral turpitude. Third, it ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense.

*Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (quotation omitted). "Claims 'grounded in fraud' must meet this heightened pleading requirement." *Id.* (citations omitted). "The level of particularity required depends on . . . the nature of the case and the relationship between the parties." *BJC Health Sys.*, 478 F.3d at 917 (citing *Payne v. United States*, 247 F.2d 481, 486 (8th Cir. 1957)). "Rule 9(b) should be read 'in harmony with the principles of notice pleading.'" *Id.* (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).

## DISCUSSION

American Family presents two primary arguments in support of its motion to dismiss. American Family first argues that plaintiffs' claims for bad faith and punitive damages are subject to dismissal because they fail to meet the heightened pleading standard of Rule 9(b). American Family next argues

that even if plaintiffs' claims for bad faith and punitive damages are not subject to a heightened pleading requirement, the claims are still subject to dismissal because they fail to satisfy the notice pleading requirement of Rule 8(a)(2). Because this case is before the court on diversity jurisdiction, the court will apply South Dakota's substantive law and federal procedural law to resolve American Family's motion to dismiss. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

## I. Count II: Bad Faith

Bad faith litigation arises in either the first- or third-party context. *Hein v. Acuity*, 731 N.W.2d 231, 235 (S.D. 2007). "Third-party bad faith is traditionally based on principles of negligence and arises when an insurer wrongfully refuses to settle a case brought against its insured by a third-party." *Id.* (citing *Kunkel v. United Sec. Ins. Co. of N.J.*, 168 N.W.2d 723, 726 (S.D. 1969)). "First-party bad faith, on the other hand, is an intentional tort and typically occurs when an insurance company consciously engages in wrongdoing during its processing or paying of policy benefits to its insured." *Id.* (citing *Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032, 1036 (Cal. 1973); *Champion v. U.S. Fid. & Guar. Co.*, 399 N.W.2d 320, 324 (S.D. 1987)). Because plaintiffs allege that American Family, as their insurer, failed to reasonably investigate their claim or pay benefits owed to them under their insurance contract and had a practice of failing to reasonably investigate and pay similar claims, this case presents a first-party bad faith dispute.

5

In *Dakota, Minnesota & Eastern Railroad Corp. v. Acuity*, 771 N.W.2d 623, 629 (S.D. 2009), the South Dakota Supreme Court announced the test that governs bad faith claims.

> [F]or proof of bad faith, there must be an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis for denial, implicit in that test is our conclusion that the knowledge of the lack of a reasonable basis may be inferred and imputed to an insurance company where there is a reckless disregard of a lack of reasonable basis for denial or a reckless indifference to facts or to proofs submitted by the insured.
>
> Under these tests of the tort of bad faith, an insurance company, however, may challenge claims which are fairly debatable and will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis.

*Id.* (alterations in original) (quoting *Walz v. Fireman's Fund Ins. Co.*, 556 N.W.2d 68, 70 (S.D. 1996)). Because the parties are adversaries in first-party bad faith cases, if an insured's claim is fairly debatable either in fact or law, an insurer cannot be said to have denied the claim in bad faith. *Id.* at 630 (citing 46A C.J.S. *Insurance* § 1873 (2008)). An insurer's "frivolous or unfounded refusal to comply with a duty under an insurance contract constitutes bad faith." *Hein*, 731 N.W.2d at 235 (citing *Champion*, 399 N.W.2d at 324). An insurer may also commit bad faith by failing to conduct a reasonable investigation of an insured's claim. *Dakota, Minn. & E. R.R. Corp.*, 771 N.W.2d at 629 (citing *Walz*, 556 N.W.2d at 70).

When determining whether an insurer had a fairly debatable reason to deny a claim or whether the insurer acted unreasonably when denying a claim,

6

courts view the decision "at the time the insurer made the decision to deny or litigate the claim, rather than pay it." *Id.* at 630; *see also McDowell v. Citicorp U.S.A.*, 734 N.W.2d 14, 19 (S.D. 2007) (stating that even where an insurance company eventually pays a claim for benefits, the insurer can be liable under a bad faith claim for unreasonably delaying payment of a claim without a reasonable basis for the delay if the insured suffered a compensable loss as a result). Whether an insurer acted in bad faith is a question of fact. *Dakota, Minn. & E. R.R. Corp.*, 771 N.W.2d at 629-30.

### A. Whether plaintiffs' first-party bad faith claim is subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b)?

Irrespective of the above-described substantive law of first-party bad faith in South Dakota, American Family argues that the substance and construction of plaintiffs' bad faith allegations here requires plaintiffs to plead their allegations with particularity under Rule 9(b). *See* Docket 6 at 6-7; Docket 11 at 2-4. Plaintiffs disagree and instead contend that the notice pleading under Rule 8(a)(2) is the applicable pleading standard. Docket 9 at 4-6. Central to the parties' arguments regarding the applicable pleading standard for plaintiffs' claims is the court's recent decision in *Haney v. American Family Mutual Ins. Co.*, 223 F. Supp. 3d 921 (D.S.D. 2017) (Piersol, J.). Thus, before analyzing the arguments presented here, the court will first examine the decision in *Haney*.

The facts of *Haney* are as follows: In June 2014, Haney's roof was damaged in a hailstorm that hit Sioux Falls, South Dakota. *Id.* at 923.

7

Following the hailstorm, Haney submitted a claim for damages to his roof to American Family Mutual Insurance Company, his insurer. *Id.* An authorized agent of American Family inspected Haney's roof, and listed $3,890.15 as the reasonable repair cost. *Id.* Haney disagreed with that estimate and later provided American Family with a report indicating that the cost to repair his roof as a result of the hailstorm was $68,259.61. *Id.* After receiving this report, American Family conducted another inspection of Haney's home. *Id.* Although this inspection indicated that Haney's roof was damaged in the hailstorm, American Family refused to offer to pay any more on Haney's claim. *Id.*

Based on American Family's refusal to pay more than $3,890.15 on his claim, Haney filed a federal lawsuit against American Family alleging breach of contract, bad faith, punitive damages, and vexatious refusal to pay. *Id.* American Family moved to dismiss Haney's claims for bad faith and punitive damages. *Id.* at 923-24. American Family's primary argument in support of its motion to dismiss was "that Haney's bad faith claim, as a species of fraud, must comport with the heightened pleading requirements of Rule 9(b) . . . ." *Id.* at 924-25.

As observed by the court in *Haney*, the South Dakota Supreme Court "has not directly addressed whether first-party bad faith is akin to fraud and thus subject to the heightened pleading requirements of Rule 9(b)." *Id* at 925. Thus, in order to determine whether first-party bad faith claims are grounded in fraud, the *Haney* court examined the foundation of South Dakota's law regarding third-party bad faith claims for guidance. *See id.* at 925-26 (citing

*Kunkel v. United Sec. Ins. Co. of N.J.*, 168 N.W.2d 723 (S.D. 1969)).[1] After analyzing this foundation, the *Haney* court observed that what is "[n]otably absent . . . is reference to the heightened pleading requirement of Rule 9(b)." *Id.* at 926.

Because the South Dakota Supreme Court had not explicitly determined whether first-party bad faith claims were grounded in fraud, the *Haney* court also analyzed whether other federal courts had applied Rule 9(b)'s particularity requirement to first-party bad faith claims. *See id.* at 926-27. The court's review revealed no case that had applied Rule 9(b) to a first-party bad faith case. *Id.* Thus, given the lack of authority supporting American Family's argument, the *Haney* court found "that the heightened pleading standards of Rule 9(b) do not apply to first-party bad faith claims under South Dakota law." *Id.* at 927. The *Haney* court then evaluated Haney's complaint using Rule 8(a)(2) and concluded that the complaint stated a plausible claim for relief sufficient to defeat American Family's motion to dismiss. *Id.* at 927-28.

Here, plaintiffs urge the court to adopt the rationale from *Haney* and deny American Family's motion to dismiss. Docket 9 at 4-6. American Family argues that *Haney*—if the decision is correct—is distinguishable from the plaintiffs' case. *See* Docket 6 at 6. The distinguishing fact, according to American Family, is that unlike the plaintiff in *Haney*, plaintiffs here have

---

[1] The *Kunkel* case is recognized as the origin of South Dakota's third-party bad faith cause of action. *Haney*, 223 F. Supp. 3d at 925 n.2 (citing Roger M. Baron, *When Insurance Companies Do Bad Things: The Evolution of the "Bad Faith" Causes of Action in South Dakota*, 44 S.D. L. Rev. 471, 481 (1998–1999)).

9

"erased any distinctions that may exist between bad faith and fraud by asserting a theory of bad faith that is inescapably grounded in fraud." Docket 11 at 2. Thus, because plaintiffs "proceed on a theory of fraudulent bad faith," American Family argues that Rule 9(b) is the applicable pleading standard. *Id.* at 4 (emphasis omitted).

To support its argument that plaintiffs are required to comply with Rule 9(b), American Family notes that plaintiffs' complaint explicitly alleges fraud by stating that "American Family's actions, including its claims-handling process, were undertaken with oppression, fraud, and malice." Docket 1 ¶ 45.[2] American Family further argues that plaintiffs' theory of bad faith appears to allege that (1) American Family fraudulently designed its claim handling process to deny and delay paying valid claims and (2) American Family fraudulently and maliciously applied this practice when denying plaintiffs' claim. Docket 6 at 6 (citing Docket 1 ¶¶ 40-42, 45). Thus, according to American Family, plaintiffs' explicit use of the word fraud, combined with their theory of fraudulent bad faith, is sufficient to bring plaintiffs' complaint under the Eighth Circuit's statement that "[c]laims 'grounded in fraud' must meet [Rule 9(b)'s] heightened pleading requirement." *Streambend*, 781 F.3d at 1010 (citation omitted).

Plaintiffs vehemently disagree with American Family's interpretation of their theory of bad faith as well as with American Family's attempt to distinguish the court's decision in *Haney*. Docket 9 at 4-6. Plaintiffs contend

---

[2] Paragraph 45 contains the sole reference to "fraud" in plaintiffs' complaint.

that their single use of the word "fraud"—which is located in the punitive damages count of the complaint—does not require them to meet Rule 9(b)'s particularity requirement. *Id.* at 5. Plaintiffs further contend that American Family's failure to cite a single case where a court required a party to allege a first-party bad faith claim with particularity undermines American Family's entire argument. *See id.* at 5-6. Plaintiffs also note that while their use of the word "fraud" in the complaint was intentional, the term was not used in isolation. *See id.* at 5 (citing Docket 1 ¶ 45) (stating that the word fraud was used as a part of the string of terms "oppression, fraud, and malice"). Instead, plaintiffs argue that their sole purpose in using the word "fraud" in their complaint, was to mirror SDCL § 21-3-2,[3] which is the South Dakota statute that triggers plaintiffs' right to recover punitive damages. Docket 9 at 5.

Having reviewed the various arguments presented by the parties, the court concludes that plaintiffs are not required to plead their allegations with particularity under Rule 9(b). Several considerations inform the court's conclusion. First, because "Rule 9(b) is a special pleading requirement, contrary to the general approach of Rule 8, 'its scope of application should be construed narrowly and not extended to other legal theories or defenses.' " *Haney*, 223 F. Supp. 3d at 926 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (3d ed. 2004)); *see also* 5A

---

[3] SDCL § 21-3-2 provides: "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice . . . the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant."

11

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 (3d ed. 2004) (cautioning courts from taking too narrow of an approach that "fails to take account of the general simplicity and flexibility contemplated by the federal rules" when applying Rule 9(b)). Second, as noted by the court in *Haney*, other federal courts have declined to categorically apply Rule 9(b)'s heightened pleading requirement to first-party bad faith claims. *See Haney*, 223 F. Supp. 3d at 926 (citing *Austin v. Auto Owners Ins. Co.*, Civil Action No. 12-0345-WS-B, 2012 WL 3101693, at *3 n.7 (S.D. Ala. July 30, 2012); *id.* at 927 (citing *GMP Techs., LLC v. Zicam, LLC*, 2009 WL 5064762, at *3 (N.D. Ill. Dec. 9, 2009)). Thus, although American Family is correct that *Haney* does not stand for the proposition that a first-party bad faith claim can never be subject to Rule 9(b)'s heightened pleading requirements, the lack of case law applying Rule 9(b) to a first-party bad faith claim weighs against doing so here.[4]

---

[4] During the court's own review of bad faith cases in federal courts, the court was unable to find a case that dismissed a plaintiff's bad faith claim for failure to plead that claim with particularity under Rule 9(b). In fact, the court's review indicated that several courts have reached the same result as the court in *Haney* and declined to apply Rule 9(b)'s particularity requirement to a plaintiffs's bad faith claim. *See, e.g., Zebrowski v. Am. Standard Ins. Co. of Wis.*, Civ. 16-5018-JLV, 2017 WL 4220452, at *6-8 (D.S.D. Sept. 21, 2017) (citing *Haney*, 223 F. Supp. 3d at 925-27) (applying the holding of *Haney* and observing that even if the court stripped away plaintiff's allegations of fraud, the complaint as a whole was sufficient to satisfy Rule 8(a)(2)); *Camp v. N.J. Mfrs. Ins. Co.*, CIVIL ACTION NO. 16-1087, 2016 WL 3181743, at *3 n.2 (E.D. Pa. June 8, 2016) (declining to apply Rule 9(b) to adjudge plaintiff's allegation of bad faith); *Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 840 (N.D. Ill. 2015) (citations omitted) (compiling sources supporting proposition that allegations of bad faith are not subject to heightened pleading); *Diaz v. Bank of Am., N.A.*, Civil Action No. 1:12-CV-01208-JEC-LTW, 2013 WL 12248082, at *5 (N.D. Ga. Jan. 17, 2013) ("Defendants, however, do not offer any authority for their position that a bad faith claim is akin to a fraud or

Third, while plaintiffs' complaint does use the word "fraud," the purpose of using the word was to mirror the relevant statutory authority that allows plaintiffs to seek punitive damages. *See* SDCL § 21-3-2 (indicating that where a defendant acted with "oppression, fraud, or malice" a jury can award punitive damages). Thus, the court is unpersuaded by American Family's argument that plaintiffs' singular use of the word "fraud," with the intention of mirroring the applicable statutory authority, transforms their argument into one that should be subject to the heightened pleading under Rule 9(b). *See Wheeler*, 125 F. Supp. 3d at 840 (citations omitted) (concluding that the "singular mention" of deception in plaintiff's breach of contract claim did not "require the imposition of a heightened pleading standard, as the claim exist[ed] independent of any allegations of fraud or deception contained in the complaint"); *cf. Zebrowski*, 2017 WL 4220452, at *7-8 (first-party bad faith case where court concluded that the complaint, which used the word "fraud" twice, satisfied the requirements of Rule 8(a)(2), and noting that the result would be the same even if the court stripped the complaint of its allegations referencing fraud).

Fourth, although the Eighth Circuit has observed that "[c]laims 'grounded in fraud' must meet [Rule 9(b)'s] heightened pleading requirement[,]" *Streambend*, 781 F.3d at 1010 (citation omitted), the decision of when to apply Rule 9(b) must be informed by the general purposes of Rule 9(b). *See id.* Those purposes, as described above, are to prevent fishing expeditions and dispose

---

misrepresentation claim, such that the heightened Rule 9(b) pleading standard applies. As such, this Court declines to adopt Defendants' theory.").

early of unfounded fraud claims advanced only for their nuisance value, safeguard the reputation of defendants, and to give defendants sufficient notice of allegations against them to allow the defendant to prepare a defense. *See id.*; *see also Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1073 (8th Cir. 2016) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1296 (3d ed. 2004)). Here, the court fails to see how the general purposes of Rule 9(b) would be served by requiring plaintiffs to plead their allegations against American Family with particularity.[5] *See Haney*, 223 F. Supp. 3d at 926 (citing *Austin*, 2012 WL 3101693, at *3 n.7) (indicating that in a first-party bad faith case, an insurer is aware of the insured's allegations that the insurer lacked a reasonable basis to deny paying the insured's claim and thus the insurer has sufficient notice of a defense to the insured's claim).

And fifth, to the extent that American Family's briefing in support of its motion to dismiss can be read to argue that this court should reach the opposite decision as the court in *Haney*—meaning the court would find that first-party bad faith claims are akin to fraud and thus subject to heightened pleading under Rule 9(b)—the court's own review of South Dakota's substantive law regarding first-party bad faith, *supra* at 5-7, leads the court to reach the same result as the court in *Haney*. Supporting this conclusion are prior decisions of the South Dakota Supreme Court indicating that insurers

---

[5] Given American Family's briefing here, it appears to the court that American Family has formulated a defense to plaintiffs' bad faith claim and is able to articulate that defense. Further, in the event that the facts uncovered in discovery prove not to support plaintiffs' bad faith claim, American Family will have the chance to dispose of the case at the summary judgment stage.

14

must give equal consideration to an insured's interests when evaluating an insured's claim, even if those interests are adverse to the insurer's own interests. *See Trouten v. Heritage Mut. Ins. Co.*, 632 N.W.2d 856, 864 (S.D. 2001); *Helmbolt v. LeMars Mut. Ins. Co.*, 404 N.W.2d 55, 58 (S.D. 1987). Further, as indicated earlier, whether an insurer acted in bad faith is a question of fact. *Dakota, Minn. & E. R.R. Corp.*, 771 N.W.2d at 629-30. Thus, the court will review the sufficiency of plaintiffs' allegations under the notice pleading standard of Rule 8(a)(2).

### B. Whether plaintiffs' first-party bad faith claim satisfies the requirements of Federal Rule of Civil Procedure 8(a)(2)?

American Family argues that even under the notice pleading standard of Rule 8(a)(2), a fatal deficiency of plaintiffs' complaint is that the complaint "liberally insists that [American Family] engaged in bad faith conduct without bothering to allege specific facts to support this legal conclusion." Docket 6 at 8. According to American Family, the non-legal conclusions from plaintiffs' complaint are boiled down to five facts that are insufficient to support plaintiffs' allegations of bad faith. *See id.* (summarizing plaintiffs' complaint). American Family further contends that what is absent from plaintiffs' complaint are specific facts describing the extent of damage to plaintiffs' home or what basis plaintiffs have for asserting that American Family disregarded the damage to plaintiffs' home. *Id.*

Plaintiffs respond by arguing that American Family's insistence on requiring plaintiffs to allege their bad faith claim using "specific facts" is

15

inappropriate at the motion to dismiss stage. Docket 9 at 6. This is because at the motion to dismiss stage, the court is required to accept plaintiffs' well-pleaded allegations as true and draw all reasonable inferences in the plaintiffs' favor. *See, e.g., Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014) (citation omitted). Plaintiffs further contend that once the court compares their allegations with the relevant South Dakota substantive first-party bad faith law, it is clear the complaint satisfies the requirements of Rule 8(a)(2). Docket 9 at 7-9.

After accepting the well-pleaded allegations in plaintiffs' complaint as true and drawing all reasonable inferences in plaintiffs' favor, *Schriener*, 774 F.3d at 444, the court concludes that plaintiffs have pleaded a claim to relief under South Dakota's substantive first-party bad faith law. To plead a first-party bad faith claim in South Dakota, plaintiffs must plausibly allege that American Family had "an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] and the knowledge or reckless disregard [of the lack] of a reasonable basis for denial [of plaintiffs' claim] . . . ." *Dakota, Minn. & E. R.R. Corp.*, 771 N.W.2d at 629 (last alteration added) (citing *Walz*, 556 N.W.2d at 70). Here, plaintiffs have met that burden by alleging, in part, that (1) they had an insurance policy with American Family that listed hail damage as a covered loss at the time of the storm, (2) American Family inspected their home and refused to pay for the full extent of the damage, and (3) American Family knew or had a reckless disregard of the lack of a reasonable basis for offering only $2,180.50 for the

16

damage to plaintiffs' home even though plaintiffs insisted that $2,180.50 was insufficient to fix the damage to plaintiffs' home and due to the fact that American Family had already paid for the full damage that the hailstorm caused to homes owned by other American Family insureds in plaintiffs' neighborhood. *See* Docket 1 at 2-4. Thus, because plaintiffs have plausibly alleged a first-party bad faith cause of action, American Family's motion to dismiss count two of the complaint must be dismissed.

## II. Count III: Punitive Damages

American Family also moves to dismiss plaintiffs' request for punitive damages. Docket 6 at 12-15. As previously noted by this court, "punitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion to dismiss." *Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 984 (D.S.D 2013) (citing *Sec. Nat'l Bank of Sioux City v. Abbott Labs.*, Civ. No. 11–4017, 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012) ("[P]unitive damages are not a cause of action, and as such, so long as there are surviving claims, they are not subject to a motion to dismiss.")). Thus, because plaintiffs' bad faith count survives American Family's motion to dismiss, the motion to dismiss plaintiffs' claim for punitive damages is denied.

## CONCLUSION

American Family moves to dismiss Count II (bad faith) and Count III (punitive damages) of plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The court finds that plaintiffs have stated a plausible claim for relief under South Dakota's substantive law

regarding first-party bad faith. Plaintiffs' allegations of bad faith are subject to review under the pleading standard for Federal Rule of Civil Procedure 8(a)(2), and are not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Because plaintiffs have stated a plausible first-party bad faith claim, their claim for punitive damages also survives American Family's motion to dismiss. Thus, it is

ORDERED that American Family's motion to dismiss Counts II and III (Docket 5) is denied.

DATED December 15, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE